■ RICHARD PALMER, Individually and as Guardian ad Litem of RUSSELL PALMER, an Infant, Respondent, v. SYDNEY FOX et al., Doing Business as STOP AND SHOP FOOD MARKETS, Appellants. Memorandum: Plaintiffs commenced an action against the defendants on March 24, 1964 to recover damages for injuries sustained when the infant plaintiff slipped on a piece of lettuce on defendants' premises on July 30, 1962. Issue was joined on April 30, 1964. Plaintiffs failed to comply with defendants' demand for a bill of particulars and on June 17, 1964, upon default of plaintiffs, a 10-day conditional preclusion order was granted. No attempt was made by plaintiffs to comply with that order. On April 15, 1965 an order was granted by default dismissing the complaint "upon the merits". On July 27, 1965 plaintiffs moved to vacate the dismissal, which application was denied by order granted July 30, 1965. There was no appeal from this order. On August 5, 1965 a second action was brought by placing the summons and complaint with the Sheriff for service before the Statute of Limitations had run. The complaint in this action is identical to that served in March, 1964. Defendants' motion to dismiss the second action was denied by Special Term. We conclude that Special Term should not have thus aided plaintiffs in flouting the court's preclusion order granted in the litigation arising out of the accident on July 30, 1962. It is obvious that plaintiffs brought the second action to evade and circumvent the effect of the preclusion order granted in the first action. This court has spoken out strongly against such practice. (See *Schultz* v. *Kobus*, 15 A D 2d 382; *Bieniek* v. *Miller Drug Stores*, 25 A D 2d 941.) We note that the dismissal of the first action, which plaintiffs were unsuccessful in vacating, was "upon the merits" — apparently to prevent exactly what has occurred in this case. While ordinarily a dismissal should not be so qualified when granted before the close of the proponent's case (*Greenberg* v. *De Hart*, 4 N Y 2d 511; *Mink* v. *Keim*, 291 N. Y. 300), nevertheless CPLR 5013 acknowledges the power of the court to attach such a restriction, the effect of which is to bar new litigation for the same cause of action. Such power is sparingly exercised but we think properly so in cases like the present where a preclusion order foreclosing proof of the cause of action is in effect and the only purpose of new litigation is to circumvent the preclusion decree. Circumstances like those in the present case constitute the "exceptional circumstances" warranting the exercise of the court's power to dismiss on the merits prior to completion of plaintiff's proof. (5 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5013.02.) Special Term should have given effect to the earlier "upon the merits" dismissal and should have granted defendants' motion. (Appeal from order of Erie Special Term denying motion to dismiss negligence action.) Present — Williams, P. J., Bastow, Del Vecchio and Marsh, JJ.