■ CLAIRE WATKINS et al., Plaintiffs, v SEARS, ROEBUCK & Co. et al., Defendants. JUDY BOND, INC., et al., Third-Party Plaintiffs-Respondents, v MANES FABRICS Co., INC., Third-Party Defendant-Appellant.—Order, Supreme Court, New York County, entered on June 6, 1975, unanimously affirmed on opinion of Carney, J., at Individual Calendar Part 1 and that the third-party plaintiffs-respondents recover of third-party defendant-appellant $40 costs and disbursements of this appeal. No opinion. Concur—Stevens, P. J., Kupferman, Murphy, Tilzer and Nunez, JJ.

■ EZRASON'S, INC., Respondent, v GEOFFREY BEENE, INC., Also Known as GEOFFREY BEENE Co., INC., Defendant, and EAGLE CLOTHES, INC., Appellant.—Order, Supreme Court, New York County, entered on March 14, 1975, unanimously affirmed, on the opinion of Frank, J., at Special Term and that the respondent recover of the appellant $60 costs and disbursements of this appeal. No opinion. Concur—Kupferman, J. P., Murphy, Lupiano, Capozzoli and Lane, JJ.

■ BRENDA SANTANA, an Infant, by Her Mother and Natural Guardian, MARIA SANTANA, et al., Appellants, v MAX FISCHER et al., Respondents.—Order and judgment, Supreme Court, Bronx County, entered on November 6, 1974 and June 13, 1975, respectively, dismissing plaintiffs' action, unanimously affirmed, without costs and without disbursements. This is the third action instituted by the plaintiff, each action seeking damages for the same injuries. The first action was aborted after a preclusion order was obtained. In the second action nothing other than a summons was served. A motion to dismiss this third action pursuant to CPLR 3211 (subd [c], par 4), on the grounds of another action pending, was properly granted by Special Term. Plaintiff cannot now institute this suit and thereby circumvent the effect of the prior outstanding order of preclusion (cf. *Palmer v Fox*, 28 AD2d 968). Concur—Stevens, P. J., Markewich, Murphy, Lupiano and Lane, JJ.

■ ELIZABETH POST, Appellant, v CITY OF NEW YORK, Respondent.—Judgment, Supreme Court, New York County, entered October 1, 1974, which, after a jury trial, directed a verdict in favor of the defendant City of New York, unanimously affirmed, without costs or disbursements. Plaintiff sued to recover damages for personal injuries sustained on June 8, 1969 when she tripped over a police barrier on the sidewalk. The undisputed testimony revealed that there was adequate space on the sidewalk for pedestrian traffic to pass between the stored police barriers and the building. With the barrier in plain view, and an unobstructed path available, the barrier could not be considered in any way a trap or nuisance, and there was therefore no issue to submit to the jury for their consideration. Concur—Kupferman, J. P., Lupiano, Tilzer, Lane and Nunez, JJ.