■ SAVERIO IACONO, Appellant, v JAPAN LINE, LTD., Respondent. — Order of the Supreme Court, New York County (Bloom, J.), entered January 18, 1979, dismissing plaintiff's complaint as barred by the "doctrine of estoppel by judgment" and the judgment entered thereon on March 12, 1979, are reversed, on the law, without costs. Accordingly, the motion by defendant-respondent for an order dismissing the action on the grounds that the action is barred by virtue of a judgment of dismissal in a prior action and on the additional grounds that the present action is time barred as not commenced within three years from the date and time of the alleged cause of action is denied. Plaintiff,

a stevedore, was injured while aboard defendant's ship on September 18, 1972. After service of a summons upon defendant on October 11, 1973, and a complaint on May 31, 1975, issue was joined by service of an answer on July 7, 1975. By order entered December 17, 1976, defendant's motion for an order dismissing plaintiff's complaint was conditionally granted by Special Term (Mangan, J.), unless the plaintiff appeared for deposition at a specified time and date. Plaintiff failed to appear at the time and date scheduled. On April 4, 1977 and May 4, 1977, a decision and order were entered (Sutton, J.), dismissing the action and on May 16, 1977, judgment was entered. The second action was commenced by service of a summons upon the defendant on or about August 4, 1978. Defendant did not answer the complaint but moved to dismiss alleging that the action was barred by virtue of the prior judgment of dismissal and by virtue of the Statute of Limitations. Special Term granted this motion holding that the prior judgment was a "bar to the present action." It considered the Statute of Limitations grounds as "academic" in view of such disposition and did not rule on this issue. The first action had been dismissed before trial because plaintiff failed to comply with an order of discovery. The dismissal order did not state that it was on the merits or with prejudice. Pursuant to CPLR 5013, "[a] judgment dismissing a cause of action before the close of the proponent's evidence *is not a dismissal on the merits unless it specifies otherwise,* but a judgment dismissing a cause of action after the close of the proponent's evidence is a dismissal on the merits unless it specifies otherwise." (Emphasis added.) Thus the Court of Appeals in discussing the predecessor statute to CPLR 5013 has stated: "While [the] motion to dismiss was based upon the evidence taken, and not upon plaintiffs' failure to appear, even assuming the motion had been made on the latter ground, the dismissal of the complaint for that reason would not have constituted a bar to the present action (Civ. Prac. Act, § 433). A judgment dismissing the complaint upon a plaintiff's failure to appear is not upon the merits". (*Greenberg v De Hart,* 4 NY2d 511, 516-517.) Although the court which dismissed the original action could have done so "with prejudice" or "on the merits", and thus precluded plaintiff from bringing the instant action (see *Palmer v Fox,* 28 AD2d 968), it failed to do so. Since there was no appeal from that determination in the first action, Special Term, and indeed this court, are bound by that decision. Assuming a violation of a preclusion order may be deemed a "neglect to prosecute", which would bar a second action pursuant to CPLR 205 (subd [a]) even if the judgment dismissing the first action were not on the merits, CPLR 205 (subd [a]) "cannot be applied in such a way as to shorten the period otherwise available to the plaintiff" (*United States Fid. & Guar. Co. v Smith Co.,* 46 NY2d 498, 505). Plaintiff commenced the action within the Statute of Limitations with respect to the claim based on breach of warranty of seaworthiness. Therefore, the negligence theory of liability should also go forward (CPLR 213; see *Le Gate v The Panamolga,* 221 F2d 689) and the second branch of defendant's motion seeking to dismiss the complaint as time barred should also have been denied. Concur — Sandler, J. P., Fein, Asch and Milonas, JJ.