■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY ATKINS, Appellant. — Judgment, Supreme Court, Bronx County (Warner, J.), rendered March 25, 1981 convicting defendant, after jury trial, of robbery in the second degree (Penal Law, § 160.10) and petit larceny (Penal Law, § 155.25), and sentencing him thereon, is unanimously modified, on the law, to the extent that the conviction of petit larceny under the third count of the indictment is reversed, and that count is dismissed (see CPL 300.40, subd 3, par [b]), and the judgment is otherwise affirmed. Petit larceny is a lesser included offense of the crime of robbery of which defendant was convicted. Concur — Fein, Milonas and Kassal, JJ.; Markewich, J. P., and Silverman, J., adhere to the view expressed in Justice Silverman's dissent in *People v Gaul* (63 AD2d 563, 564), that such modification "is a useless diversion of the time and energies of court and counsel, not required by statute." However, by the same token, it is not worth a dissent.

■ MARY STRANGE, Respondent, v MONTEFIORE HOSPITAL AND MEDICAL CENTER, Appellant. — Order, Supreme Court, Bronx County (Silbowitz, J.), entered May 20, 1982, denying defendant's motion to dismiss the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. An earlier medical malpractice action was dismissed on a grant of summary judgment based on a preclusion order which had been granted because of plaintiff's failure to serve a bill of particulars. The order of dismissal did not state that it was "on the merits." No appeal was taken from that determination. Instead, five months later, plaintiff commenced a second malpractice action, identical to the first. Defendant's answer interposed the affirmative defenses of Statute of Limitations and *res judicata*. Special Term denied its motion to dismiss on the latter ground (CPLR 3211, subd [a], par 5), holding that since the prior dismissal was neither on the merits nor with prejudice, nor founded on neglect to prosecute, the second action, otherwise barred, was saved by the six-month tolling provision of CPLR 205 (subd [a]). We disagree. It is not necessary to reach the Statute of Limitations question since the motion turns on *res judicata* considerations. In a similar set of circumstances (*Barrett v Kasco Constr. Co.*, 56 NY2d 830, 831), the Court of Appeals has held that "although the prior judgment * * * does not specifically recite that it is 'on the merits', that judgment should be given *res judicata* effect in order to prevent the plaintiff from circumventing the preclusion decree". We believe that *Barrett* is dispositive here. In holding that a dismissal of a complaint on the basis of a preclusion order is not entitled to *res judicata* effect in the absence of a specification that the dismissal is "on the merits" (*Iacono v Japan Lines*, 89 AD2d 948; see *Valenti v Cabrini Health Care Center*, 89 AD2d 1066), we were unaware of *Barrett* (*supra*), which was only recently decided and not called to our attention. Concur — Sandler, J. P., Sullivan, Ross, Carro and Kassal, JJ.