■ In the Matter of NATIONWIDE INSURANCE COMPANY, Respondent, v RAYMOND GONZALEZ et al., Appellants. — Order, Supreme Court, New York County (Ostrau, J.), entered March 13, 1984, which denied appellants' motion to vacate a default order staying arbitration, reversed, on the law and the facts and in the exercise of discretion, and the motion granted on condition that respondents-appellants' attorney, Paul S. Mirman, Esq., personally pay costs in the amount of $1,000 to the petitioner-respondent, without costs or disbursements on the appeal. In the event this condition is not complied with, then the order is affirmed, also without costs and disbursements.

Appellants were allegedly injured in an automobile accident with a claimed uninsured vehicle on May 20, 1981. At the time of the occurrence, appellants' vehicle was covered by an insurance policy, containing a standard uninsured motorist indorsement, issued by Nationwide Insurance Co. Arbitration of appellants' uninsured motorist claim was subsequently stayed pending a preliminary trial on the issue of whether the offending vehicle was insured at the time of the accident. The matter first appeared on the Part XI Conference Calendar of June 3, 1983. A series of adjournments subsequently ensued, all taken at the request of appellants. A final trial date was set for October 24, 1983. On that date appellants once again requested and received a continuance, this time to November 23, 1983. Appellants were notified that the matter was marked peremptorily against them and that a failure to appear and proceed on that date would result in the granting of the carrier's requested relief. Upon appellants' default in appearing on November 23, a permanent stay of arbitration was granted. A subsequent motion to vacate the default was denied. In denying the motion, the court rejected as insufficient appellants' excuse that a law clerk sent to request yet another adjournment on November 23, 1983 was unable to locate the proper courtroom.

While we note with disfavor the deliberate flouting of the rules of Part XI by appellants' counsel and would agree that such dilatory conduct is inimical to the orderly administration of a Trial Calendar, to deprive appellants of their day in court would seem inappropriate under the circumstances. Appellants have not evidenced any intention to abandon this action. Furthermore, their claims show merit, inasmuch as documents which counsel has obtained from various administrative agencies of New York and New Jersey indicate that the offending vehicle was uninsured. Lastly, respondent does not make any representation that it has been prejudiced by the extensive delay attributable to the appellants. CPLR 2005 now allows delay or default due to law office failure to be excused in the exercise of discretion. (*Raphael v Cohen,* 62 NY2d 700, 701.) Under the circumstances, it would appear that the interests of justice would best be served by permitting appellants to pursue their claims and imposing appropriate sanctions for the dilatory conduct of their counsel. Concur — Murphy, P. J., Kupferman, Sullivan and Asch, JJ.