■ RENEE DODGE, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Kings County (Monteleone, J.), dated June 1, 1984, denying her motion to vacate two prior orders and a

judgment granted on her default, which resulted in dismissal of the complaint for failure to comply with a 60-day preclusion order.

Order affirmed, with costs.

Plaintiff failed to serve a bill of particulars upon the defendant within the 60-day time limit imposed upon her by a conditional order of preclusion, and her action was dismissed. Her subsequent service of an identical summons and complaint upon the defendant did not properly commence a second action but was merely an improper attempt to evade the consequences of the preclusion order (*see, Palmer v Fox,* 28 AD2d 968, *affd* 22 NY2d 667; *Strange v Montefiore Hosp. & Med. Center,* 91 AD2d 507, *affd* 59 NY2d 737; *Santangelo v YMCA of Greater N. Y.,* 100 AD2d 581). The fact that the original action could have been dismissed as premature pursuant to General Municipal Law § 50-h (5) did not render it a legal nullity. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.