In the Matter of PAUL S. MIRMAN (Admitted as PAUL MIRMAN), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 20, 1991

## APPEARANCES OF COUNSEL

*Robert H. Straus (Robert J. Saltzman* of counsel), for petitioner.

*Beldock, Levine & Hoffman (Myron Beldock* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the Bar on March 19, 1969, at a term of the Appellate Division in the Second Judicial Department, under the name Paul Mirman. In this proceeding the respondent was charged with eight allegations of professional misconduct. Each of the eight charges allege the respondent's neglect of clients' personal injury matters entrusted to him.

Charge one alleged that the respondent was retained in or about December 1978 and placed the matter on the calendar in Supreme Court, Kings County, in June 1980. The matter was transferred to the Civil Court. Thereafter, the respondent failed to proceed further with the case for a period of approximately two years and failed to take any steps to remedy the situation until he was notified by the petitioner Grievance Committee of the client's complaint of professional misconduct.

Charge two alleged that the respondent was retained in 1980 and served a summons and complaint in October 1981. Although there was no appearance or answer by the defendant, the respondent failed to institute proceedings for the entry of a default judgment within the statutory time period. In June 1983 the defendant moved to dismiss the case for failure to move for leave to enter a default judgment within one year of the default in answering. The respondent failed to appear in Supreme Court, Kings County, in opposition to the defendant's motion to dismiss and the motion was granted on his default. The court subsequently agreed to relieve the respondent of the default, conditioned upon his submitting an affidavit of merit. The action was ultimately dismissed due to the respondent's failure to provide a sufficient affidavit of merit.

Charge three alleged that the respondent was retained in November 1982 and served a summons and complaint upon the defendant. In April 1983 the defendant served the respondent with a demand for a bill of particulars along with an answer to the complaint. The respondent failed to provide a bill of particulars and on or about August 5, 1983, the defendant moved to preclude the plaintiff. On September 12, 1983, a conditional order of preclusion was entered in the Supreme Court, Kings County, on consent, allowing service of the bill of particulars within 60 days. The respondent's bill of particu-

lars, which was served after the 60-day period, was rejected by the defendant. Thereafter, the respondent's motion, dated March 14, 1984, to extend the time in which to serve the bill of particulars, was denied and the defendant's cross motion for summary judgment was granted. The order of the Supreme Court, Kings County, dismissing the respondent's complaint was affirmed by this court (see, Lugardo v Folkes, 110 AD2d 756). The respondent failed to notify his clients of the dismissal of their action until after he was contacted by the petitioner Grievance Committee.

Charge four alleged that the respondent was retained in September 1978 to represent an infant and served a summons and complaint on October 13, 1978, upon the purported owner of the premises where the accident occurred. When no answer was forthcoming, the respondent failed to move for the entry of a default judgment within the statutory time period. In October 1981 the respondent learned that the property in question had been owned by the City of New York at the time of the accident. Thereafter, the respondent moved for leave to serve a late notice of claim upon the City of New York. This court reversed Special Term and denied the respondent's motion for leave to serve a late notice of claim (see, Montana v City of New York, 96 AD2d 1031), and the cause of action was ultimately dismissed.

Charge five alleged that the respondent was retained in June 1981 and served a summons and complaint upon the New York City Housing Authority in February 1982. On April 6, 1982, the defendant served an answer and demand for bill of particulars upon the respondent. The respondent failed to provide a bill of particulars as demanded. On July 30, 1982, a 60-day conditional preclusion order was entered against the respondent. The respondent failed to comply with this preclusion order. As a result, on March 22, 1983, summary judgment was granted on default in complying with the conditional order of preclusion and the complaint was dismissed. The granting of summary judgment was affirmed by this court (see, Dodge v New York City Hous. Auth., 109 AD2d 727).

Charge six alleged that the respondent was retained by a client after she was injured by a bus owned by the Metropolitan Suburban Bus Authority. The respondent commenced an action on March 13, 1979, and issue was joined on April 3, 1979. Thereafter, the respondent failed to diligently prosecute the matter. On December 28, 1981, the Supreme Court, Nassau County, granted the defendant's motion to dismiss the

action upon the grounds of failure to prosecute and failure of the plaintiff to comply with an order of the court. The respondent failed to oppose the motion to dismiss. On December 3, 1982, the respondent obtained an order conditionally reinstating the action. This court reversed and ordered that the action be dismissed, citing "over three years of laxity and neglect on the part of plaintiff's attorneys" *(Zaldua v Metropolitan Suburban Bus Auth.,* 97 AD2d 842, 843).

Charge seven alleged that the respondent was retained in August 1982 and thereafter filed an uninsured motorist claim, resulting in an arbitration hearing being scheduled in the Supreme Court, Queens County, for November 22, 1983. The respondent failed to appear on the scheduled date, all issues were resolved against the respondent's client, and the arbitration of the client's claim was "forever stayed". On January 23, 1984, the respondent's motion to vacate that determination was denied without prejudice and with leave to renew upon submission of a transcript of the November 22, 1983 proceeding and the submission of an affirmation from the attorney assigned to the case setting forth a valid excuse for his failure to appear both at the calendar call and the trial part. The respondent's renewed motion was denied by order of the Supreme Court, Queens County, dated April 25, 1984. The court found the excuse offered for the nonappearance of the attorneys to be "grossly inadequate" and an example of "unexcusable law office failure", which was compounded by the submission of an unexecuted affirmation. This court affirmed that order *(see, Matter of American Sec. Ins. Co. v Austin,* 110 AD2d 697).

Charge eight alleged that the respondent was retained in 1981 and thereafter filed an uninsured motorist claim, pursuant to his client's insurance policy. The client's insurance carrier sought and obtained a stay of arbitration. The case appeared on the calendar of Supreme Court, New York County, on June 3, 1983, on the issue of whether the offending vehicle was insured. After several adjournments at the respondent's request, the case was marked "final" for October 24, 1983. On that date, the respondent requested and received another continuance, to November 23, 1983. The respondent was advised "that a failure to appear and proceed on that date would result in the granting of the carrier's requested relief". The respondent failed to appear on November 23, 1983. As a result, a permanent stay of arbitration was granted. The Appellate Division, First Department, vacated the default in

appearing at the hearing, but noted "with disfavor the deliberate flouting of the rules of Part XI by [the respondent] and would agree that such dilatory conduct is inimical to the orderly administration of a Trial Calendar" *(Matter of Nationwide Ins. Co. v Gonzalez,* 108 AD2d 637, 638). The respondent was directed to personally pay costs in the amount of $1,000 to the other party.

The Special Referee sustained charges one, three, five, six and eight, and found that charges two, four and seven were not proven by a preponderance of the evidence.

The petitioner moves to confirm in part and disaffirm in part the report of the Special Referee and the respondent cross-moves to confirm in part and disaffirm in part the report. The petitioner seeks to disaffirm so much of the report as fails to sustain charges two, four and seven, and the respondent seeks to disaffirm so much of the Referee's report as sustained charges one, three, five, six and eight.

As to charge two, the respondent argues, *inter alia,* that he obviated the necessity of moving for leave to enter a default judgment by electing to pursue an uninsured motorist claim which would provide the client with the same monetary benefit and a speedier disposition. The respondent was retained in 1980 and commenced an action in October 1981. However, the respondent took no further action until after the defendant moved to dismiss in 1983 and, even then, failed to appear on the return date of the defendant's motion. The Special Referee failed to sustain charge two, primarily because there could be differing interpretations of an order denying the respondent's motion to vacate the dismissal of the action. Without addressing those interpretations and the mitigating circumstances resulting therefrom, there is ample evidence of neglect on the part of the respondent.

In failing to sustain charge four the Special Referee noted that after the respondent determined that the City of New York was the owner of the property in October 1981, he "expeditiously noticed his late claim notice for November 30, 1981, but that it was adjourned several times at the request of both parties". Despite this, the record is clear that the respondent failed to move for leave to enter a default judgment against the original purported owner within the statutory time period and did not ascertain the city's ownership of the property until October 1981. He is therefore guilty of neglect.

As to charge seven, the Special Referee stated in his report

that the "Respondent may have been somewhat 'slipshod' in this case but I am not convinced that he intended to pull the wool over the Court's eye—to 'deceive the court' ". The Special Referee failed to sustain this charge. The evidence nevertheless reveals that the respondent did neglect this matter. As noted by this court, the "[a]ppellant failed to offer a valid excuse for his default, as required by CPLR 5015 (a) (1)" *(Matter of American Sec. Ins. Co. v Austin, supra,* at 697).

After reviewing all of the evidence, we are convinced that the respondent is guilty of all of the misconduct charged. The petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted. The respondent's cross motion to confirm in part and disaffirm in part is denied.

In determining an appropriate measure of discipline to be imposed, we are aware of the personal problems the respondent has experienced, but note the pattern of gross neglect demonstrated over a period of many years by the respondent, his blatant disregard for the rights of his clients, as well as the two admonitions and five letters of caution imposed upon the respondent by the Grievance Committee, dating from September 16, 1975, to March 15, 1988. The respondent is guilty of serious professional misconduct and is hereby disbarred from the practice of law.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to confirm in part and disaffirm in part the report of the Special Referee is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Paul S. Mirman, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Paul S. Mirman is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from

appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.