(August 21, 2007)

■ RALPH BOHM, Respondent, v TOWN OF BROOKHAVEN et al., Appellants, and BARBARA W. ROBINSON et al., Respondents. [841 NYS2d 144]—

In an action to recover damages for personal injuries, the defendants Town of Brookhaven, John J. Nemick, and AHK

Bagels, Inc., separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 8, 2006, as denied the separate motions of the Town of Brookhaven and AHK Bagels, Inc., and that branch of the separate motion of John J. Nemick, which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that order is modified, on the law, (1) by deleting the provision thereof denying that branch of the motion of the defendant John J. Nemick which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying the motion of the defendant AHK Bagels, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and substituting therefor a provision granting the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants John J. Nemick and AHK Bagels, Inc., payable by the plaintiff and the defendant Town of Brookhaven.

The plaintiff allegedly was injured when he tripped and fell in a semi-circular dirt area surrounding a tree while walking on a public sidewalk in Center Moriches. At his deposition, the plaintiff testified that he veered left into the semi-circular dirt area because his continued path forward was impeded by two oncoming pedestrians walking abreast, and his path to the right was impeded by a flower planter. The flower planter was outside a store owned by the defendant John J. Nemick and leased by the defendant AHK Bagels, Inc. The defendant Town of Brookhaven owns the sidewalk. Each of these defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

In support of their respective motions, the defendants Nemick and AHK Bagels, Inc., demonstrated, prima facie, that the flower planter was not a proximate cause of the plaintiff's alleged injuries (see Lopez v City of New York, 19 AD3d 301 [2005]; Davis v City of New York, 281 AD2d 251 [2001]; Post v City of New York, 49 AD2d 734 [1975]). The flower planter did not block passage upon the paved portion of the sidewalk or otherwise compel the plaintiff to traverse the semi-circular dirt area. Indeed, the plaintiff testified at his deposition that the flower planter did not prevent him from stepping to the right to allow the oncoming pedestrians to pass before continuing on his way. In opposition, the plaintiff failed to raise a triable issue of fact. Thus, the complaint and all cross claims insofar as asserted against those defendants should have been dismissed.

However, the Town's motion for summary judgment was properly denied. At his deposition, the plaintiff testified that he tripped and fell because of a height differential between the paved portion of the sidewalk and the semicircular dirt area and/or obstructions in the area, including tree roots. In support of its motion, the Town argued that it could not be held liable for the alleged dangerous and defective condition of the area because it lacked prior written notice of the same (*see Amabile v City of Buffalo*, 93 NY2d 471 [1999]; *Akcelik v Town of Islip*, 38 AD3d 483 [2007]). However, the plaintiff raised a triable issue of fact as to whether the Town created the alleged dangerous and defective condition during the course of work it allegedly performed in the area prior to the plaintiff's fall, including the removal of decorative bricks (*see Amabile v City of Buffalo, supra*; *Walker v Incorporated Vil. of Northport*, 304 AD2d 823 [2003]). Accordingly, the Supreme Court properly denied the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Spolzino, J.P., Ritter, Lifson and Angiolillo, JJ., concur.