■ JAMES CUZZO, Appellant, v TOWN OF HEMPSTEAD et al., Respondents. [877 NYS2d 463]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated June 15, 2007, as granted that branch of the motion of the defendant Nassau County which was for summary judgment dismissing the complaint insofar as asserted against it and that branch of the cross motion of the defendant Town of Hempstead which was for the same relief.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly was injured when the motorized scooter he was riding on a roadway near his home struck a depression in the roadway adjacent to a manhole cover, causing him to fall to the ground. While it was dark out when the accident occurred, there was a streetlight nearby and the scooter's light illuminated the roadway.

The defendant Town of Hempstead established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it based upon the plaintiff's failure to comply with the prior written notice requirements of the Code of the Town of Hempstead (*see* Code of Town of Hempstead § 6-1; *Amabile v City of Buffalo,* 93 NY2d 471, 476 [1999]; *Gold v County of Westchester,* 15 AD3d 439, 440 [2005]; *Corey v Town of Huntington,* 9 AD3d 345 [2004]). The plaintiff failed to raise a triable issue of fact in response (*see Patti v Town of N. Hempstead,* 23 AD3d 362, 363 [2005]; *Betzold v Town of Babylon,* 18 AD3d 787 [2005]; *ITT Hartford Ins. Co. v Village of Ossining,* 257 AD2d 606, 606-607 [1999]).

The defendant Nassau County established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by showing, through the deposition testimony of a county employee, that it did not own or control the roadway at issue (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d 664, 675 [1999]; *Horvath v Rose*, 261 AD2d 438, 439 [1999]). The plaintiff failed to raise a triable issue of fact in response (*see Ernest v Red Cr. Cent. School Dist.*, 93 NY2d at 675; *Horvath v Rose*, 261 AD2d at 439).

Accordingly, the Supreme Court properly awarded summary judgment dismissing the complaint.

In light of our determination, it is unnecessary to address the plaintiff's remaining contentions. Rivera, J.P., Balkin, Leventhal and Lott, JJ., concur.