*964 In an action to recover damages for personal injuries, the defendant City of Rye, New York, appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated March 2, 2012, as denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged that it was negligent in failing to maintain and repair a tree well, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as granted that branch of the motion of the defendant City of Rye, New York, which was for summary judgment dismissing so much of the complaint as alleged that it was negligent in permitting garbage to accumulate near the tree well, and granted those branches of the separate cross motions of the defendants First Dixon Realty, LLC, and Starbucks Corporation which were for summary judgment dismissing the complaint insofar as asserted against each of them.
Ordered that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants First Dixon Realty, LLC, and Starbucks Corporation, payable by the plaintiff.
The plaintiff allegedly sustained injuries when she tripped and fell on defective brickwork in a tree well while walking on a public sidewalk in the City of Rye, New York. The tree well was located in front of a store owned by the defendant First Dixon Realty, LLC (hereinafter First Dixon), and leased by the defendant Starbucks Corporation (hereinafter Starbucks).
“Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous or defective conditions to public sidewalks is placed on the municipality and not the abutting landowner” (Hausser v Giunta, 88 NY2d 449, 452-453 [1996]; see Khaimova u City of New York, 95 AD3d 1280, 1281 [2012]). “An abutting owner or lessee will be liable to a pedestrian injured by a dangerous condition on a public sidewalk only when the owner or lessee either created the condition or caused the condition to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner or the lessee and expressly makes the owner or the lessee liable for injuries caused by a breach of that duty” (Hevia v Smithtown Auto Body of Long Is., Ltd., 91 AD3d 822, 822-823 [2012]; see Petrillo v Town of Hempstead, 85 AD3d 996, 997 [2011]).
Here, Starbucks and First Dixon made a prima facie showing that they did not create the alleged defect in the brickwork, did not cause it to occur because of a special use, and did not violate a statute or ordinance which expressly imposed liability upon *965 them for failing to maintain the subject tree well (see Holmes v Town of Oyster Bay, 82 AD3d 1047, 1048 [2011]; Grier v 35-63 Realty, Inc., 70 AD3d 772, 773 [2010]). Moreover, Starbucks, First Dixon, and the City demonstrated, prima facie, that the alleged accumulation of garbage on the public sidewalk abutting the store was not a proximate cause of the plaintiff s injuries (see Bohm v Town of Brookhaven, 43 AD3d 454, 455 [2007]; cf. Morris v Nacmias, 245 AD2d 432 [1997]; Ryan v Gordon L. Hayes, Inc., 22 AD2d 985 [1964], affd 17 NY2d 765 [1966]). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted those branches of the separate cross motions of First Dixon and Starbucks which were for summary judgment dismissing the complaint insofar as asserted against each of them, and that branch of the City’s motion which was for summary judgment dismissing so much of the complaint as alleged that it was negligent in permitting garbage to accumulate near the tree well.
Contrary to the City’s contention, the Supreme Court properly denied that branch of its motion which was for summary judgment dismissing so much of the complaint as alleged that it was negligent in failing to maintain and repair the tree well. The City failed to make a prima facie showing that it did not have constructive notice of the alleged defect (see Jackson v Jamaica First Parking, LLC, 91 AD3d 602, 603 [2012]; Bright v Village of Great Neck Estates, 54 AD3d 704, 705 [2008]). The City’s contentions regarding its prior written notice statute are not properly before this Court (see Kuzmin v Visiting Nurse Serv. of N.Y., 56 AD3d 438, 439 [2008]; Matter of lorio v Hyler, 49 AD3d 738, 739 [2008]; see also Albano v Suffolk County, 99 AD3d 741, 742 [2012]).
The parties’ remaining contentions need not be reached in light of our determination. Skelos, J.P., Dickerson, Austin and Cohen, JJ., concur.