■ MARIANNA T. O'TOOLE, Respondent, v CITY OF YONKERS et al., Defendants, and GETTY SQUARE REALTY, LLC, Defendant and Third-Party Plaintiff-Appellant, and NORTH BROADWAY PHONES, INC., Defendant and Third-Party Defendant-Respondent, et al., Third-Party Defendant. [980 NYS2d 513]—In an action to recover damages for personal injuries, the defendant and third-party plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered June 13, 2012, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it or, in the alternative, for summary judgment on the seventh cause of action in its third-party complaint insofar as asserted against the third-party defendant North Broadway Phones, Inc.

Ordered that the appeal from so much of the order as denied that branch of the motion which was for summary judgment on the seventh cause of action in the third-party complaint against the third-party defendant North Broadway Phones, Inc., is dismissed as academic in light of our determination on the appeal from the remainder of the order; and it is further,

Ordered that the order is reversed insofar as reviewed, on the

law, and that branch of the motion of the defendant and third-party plaintiff which was for summary judgment dismissing the complaint insofar as asserted against it is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant and third-party plaintiff.

The pertinent background facts are set forth in our determination of a prior appeal (*see O'Toole v City of Yonkers*, 107 AD3d 866 [2013]). Here, the defendant and third-party plaintiff, Getty Square Realty, LLC (hereinafter Getty Square), established its prima facie entitlement to judgment as a matter of law by showing that it neither created the allegedly dangerous condition nor caused it by use of the subject metal doors leading to the basement (*see id.* at 867-868; *Morelli v Starbucks Corp.*, 107 AD3d 963, 964-965 [2013]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Morelli v Starbucks Corp.*, 107 AD3d at 965).

The plaintiff's remaining contention is without merit.

Accordingly, that branch of Getty Square's motion which was for summary judgment dismissing the complaint insofar as asserted against it should have been granted. Balkin, J.P., Chambers, Lott and Hinds-Radix, JJ., concur.