RHONDA MAYA et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents. [8 NYS3d 372]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Sher, J.), entered June 13, 2014, which granted the motion of the defendants Stephen Schoenfeld and Stefanie Mautner Schoenfeld, and the separate motion of the defendant Town of Hempstead, for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed, with one bill of costs payable to the defendants appearing separately and filing separate briefs.

The plaintiff Rhonda Maya (hereinafter the injured plaintiff) alleged that she tripped and fell due to a raised sidewalk flag adjacent to property located in the defendant Town of Hempstead. The defendants Stephen Schoenfeld and Stefanie Mautner Schoenfeld (hereinafter together the Schoenfelds) owned the property abutting the sidewalk flag where the accident occurred. The plaintiffs commenced this action to recover damages for personal injuries against the Schoenfelds and the Town, alleging negligence. The Schoenfelds and the Town separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions.

"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (*Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *see Morelli v Starbucks Corp.*, 107 AD3d 963 [2013]; *Khaimova v City of New York*, 95 AD3d 1280, 1281 [2012]). "An abutting owner or lessee will be liable to a pedestrian injured by a dangerous condition on a public sidewalk only when the owner or lessee either created the condition or caused the condition to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner or the lessee and expressly makes the owner or the lessee liable for injuries caused by a breach of that duty" (*Hevia v Smithtown Auto Body of Long Is., Ltd.*, 91 AD3d 822, 822-823 [2012]; *see Dalder v Incorporated Vil. of Rockville Ctr.*, 116 AD3d 908 [2014]; *Morelli v Starbucks Corp.*, 107 AD3d at 963; *Petrillo v Town of Hempstead*, 85 AD3d 996, 997 [2011]). Here, in support of their motion, the Schoenfelds demonstrated, prima facie, that they did not make special use of the sidewalk adjacent to their home. The Schoenfelds also demonstrated, prima facie, that they did not negligently create the condition of the raised sidewalk flag

through negligent sidewalk repair. Further, while the Code of the Town of Hempstead imposes a duty on, among others, landowners to keep contiguous sidewalks in good and safe repair, it does not impose tort liability upon such parties for injuries caused by a violation of that duty (*see Dalder v Incorporated Vil. of Rockville Ctr.*, 116 AD3d at 908; *O'Toole v City of Yonkers*, 107 AD3d 866, 867 [2013]; *Taubenfeld v Starbucks Corp.*, 48 AD3d 310, 311 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the Schoenfelds' motion for summary judgment dismissing the complaint insofar as asserted against them.

Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies (*see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Palka v Village of Ossining*, 120 AD3d 641 [2014]; *Cuebas v City of Yonkers*, 97 AD3d 779, 780 [2012]; *Hanover Ins. Co. v Town of Pawling*, 94 AD3d 1055, 1056 [2012]; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934 [2012]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]).

Here, the Town established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not receive the requisite prior written notice of the condition alleged, as required by section 6-3 of the Code of the Town of Hempstead. It further established that it did not create the condition through an affirmative act of negligence, or make special use of the sidewalk. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the Town's motion for summary judgment dismissing the complaint insofar as asserted against it. Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.