*868 In an action to recover damages for personal injuries, the defendant Village of Great Neck Plaza appeals, and the defendant Dañad Realty, LLC, separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Nassau County (Jaeger, J.), entered June 3, 2014, as denied their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them and all cross claims insofar as asserted against each of them by the defendants ASV Construction Corp., ASV Benny Construction Co., and ASV Benny Construction Corp.
Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiff, and the appellants’ separate motions for summary judgment dismissing the complaint insofar as asserted against each of them and all cross claims insofar as asserted against each of them by the defendants ASV Construction Corp., ASV Benny Construction Co., and ASV Benny Construction Corp. are granted.
Barbara Peretz (hereinafter the decedent) allegedly tripped and fell on a raised cement sidewalk flag in front of a property owned by the defendant Dañad Realty, LLC (hereinafter Dañad), in the Village of Great Neck Plaza. The decedent’s estate, by its administrator, thereafter commenced this action against Dañad and the Village, among others. The Village and Dañad separately moved for summary judgment dismissing the complaint insofar as asserted against each of them and all cross claims insofar asserted against each of them by the defendants ASV Construction Corp., ASV Benny Construction Co., and ASV Benny Construction Corp. (hereinafter collectively the ASV defendants). The plaintiff opposed the motion, but the ASV defendants did not. The Supreme Court denied the motions, and we reverse.
“A municipality that has adopted a ‘prior written notice law’ cannot be held liable for a defect within the scope of the law absent the requisite written notice, unless an exception to the requirement applies” (Sola v Village of Great Neck Plaza, 115 AD3d 661, 662 [2014], quoting Forbes v City of New York, 85 AD3d 1106, 1107 [2011]; see Poirier v City of Schenectady, 85 NY2d 310 [1995]). “The only two recognized exceptions to the prior written notice requirement are where the municipality created the defect through an affirmative act of negligence, or where the defect resulted from a special use of the property by the municipality which conferred a special benefit on it” (Levy v City of New York, 94 AD3d 1060, 1060 [2012]; see Amabile v *869 City of Buffalo, 93 NY2d 471, 474 [1999]; Halitzer v Village of Great Neck Plaza, Inc., 63 AD3d 882, 883 [2009]). Here, the Village established its prima facie entitlement to judgment as a matter of law by demonstrating, insofar as relevant here, that it did not have prior written notice of the alleged defective condition (see Code of Village of Great Neck Plaza § 185-39; Sola v Village of Great Neck Plaza, 115 AD3d at 662; Rodriguez v Town of Islip, 89 AD3d 1077 [2011]; Giffords v Water Auth. of Great Neck N., 40 AD3d 695 [2007]), and that it did not create the alleged defective condition through an affirmative act of negligence (see Fryc-Cannella v Town of N. Hempstead, 127 AD3d 1135 [2015]; Perez v City of New York, 116 AD3d 1019, 1020 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Village created the alleged defective condition (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]), and the ASV defendants did not oppose the motion.
With respect to Dañad, “[generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner” (Hausser v Giunta, 88 NY2d 449, 452-453 [1996]). “An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty” (Petrillo v Town of Hempstead, 85 AD3d 996, 997 [2011]; see Maya v Town of Hempstead, 127 AD3d 1146 [2015]; Morelli v Starbucks Corp., 107 AD3d 963, 964 [2013]). Insofar as is relevant here, Dañad established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not create the alleged defective condition in the sidewalk (see Maya v Town of Hempstead, 127 AD3d 1146 [2015]; Dalder v Incorporated Vil. of Rockville Ctr., 116 AD3d 908, 909 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact (see Perez v City of New York, 116 AD3d 1019 [2014]; Smith v Town of Brookhaven, 45 AD3d 567, 568 [2007]; Hyland v City of New York, 32 AD3d 822, 823-824 [2006]), and the ASV defendants did not oppose the motion.
Accordingly, the Supreme Court should have granted the appellants’ separate motions for summary judgment dismissing the complaint insofar as asserted against each of them and all cross claims insofar as asserted against each of them by the *870 ASV defendants. Skelos, J.P., Hall, Sgroi and Barros, JJ., concur.