■ JEAN ROBERT LAHENS et al., Appellants, v TOWN OF HEMPSTEAD et al., Respondents, et al., Defendants. [18 NYS3d 187]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated July 3, 2013, as granted those branches of the separate motions of the defendants Town of Hempstead and Mark Black which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff Jean Robert Lahens (hereinafter the injured

plaintiff) alleged that he tripped and fell on the edge of a raised sidewalk flag located in the Town of Hempstead. The defendant Mark Black owned the property abutting the sidewalk where the accident occurred. The plaintiffs commenced this action to recover damages for personal injuries against Black and the Town, alleging negligence. Black and the Town separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the motions.

"A municipality that has enacted a prior written notice statute may not be subjected to liability for injuries caused by a defective condition in a sidewalk unless it either has received written notice of the defect or an exception to the written notice requirement applies" (*Wolin v Town of N. Hempstead*, 129 AD3d 833, 834 [2015] [internal quotation marks omitted]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). "The only two recognized exceptions to a prior written notice requirement are the municipality's affirmative creation of a defect or where the defect is created by the municipality's special use of the property" (*Wolin v Town of N. Hempstead*, 129 AD3d at 834 [internal quotation marks omitted]; *see Amabile v City of Buffalo*, 93 NY2d at 474).

Here, the Town established its prima facie entitlement to judgment as a matter of law by demonstrating, through a search of its records, that it had not received written notice of the raised sidewalk flag prior to the injured plaintiff's accident, as required by section 6-3 of the Code of the Town of Hempstead (*see Gonzalez v Town of Hempstead*, 124 AD3d 719, 720-721 [2015]; *Cuzzo v Town of Hempstead*, 61 AD3d 921 [2009]), and the plaintiffs failed to raise a triable issue of fact in opposition (*see Maya v Town of Hempstead*, 127 AD3d 1146, 1148 [2015]; *Cuzzo v Town of Hempstead*, 61 AD3d at 921). Accordingly, the Supreme Court properly granted that branch of the Town's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (*Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *see Maya v Town of Hempstead*, 127 AD3d at 1147; *Morelli v Starbucks Corp.*, 107 AD3d 963, 964 [2013]). "An abutting owner or lessee will be liable to a pedestrian injured by a dangerous condition on a public sidewalk only when the owner or lessee either created the condition or caused the condition to occur because of a special

use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner or the lessee and expressly makes the owner or the lessee liable for injuries caused by a breach of that duty" (*Maya v Town of Hempstead*, 127 AD3d at 1147 [internal quotation marks omitted]; *see Hausser v Giunta*, 88 NY2d at 453; *Morelli v Starbucks Corp.*, 107 AD3d at 964).

Here, in support of his motion, Black established that he did not negligently repair or otherwise create the condition of the raised sidewalk flag, or cause the condition through a special use of the sidewalk. Additionally, while the Code of the Town of Hempstead imposes a duty on an abutting landowner to maintain and repair the sidewalk in front of his or her property, it does not expressly impose tort liability on the owner for injuries caused by a violation of that duty (*see* Town of Hempstead Code §§ 181-11, 184-6 [a]; *Maya v Town of Hempstead*, 127 AD3d at 1148; *Norcott v Central Iron Metal Scraps*, 214 AD2d 660, 661 [1995]; *Conlon v Village of Pleasantville*, 146 AD2d 736, 737 [1989]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of Black's motion which was for summary judgment dismissing the complaint insofar as asserted against him.

The plaintiffs' remaining contentions either are improperly raised for the first time in their reply brief on appeal or need not be reached in light of our determination. Eng, P.J., Chambers, Roman and Barros, JJ., concur.