■ HELEN WILLIAMS, Respondent, v TOWN OF SMITHTOWN et al., Appellants. [24 NYS3d 150]—

In an action to recover damages for personal injuries, the defendant Town of Smithtown appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Asher, J.), dated October 15, 2014, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant Roman Catholic Church of Sts. Philip and James separately appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and those branches of the appellants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against each of them are granted.

The plaintiff allegedly tripped and fell on an uneven sidewalk abutting property owned by the defendant Roman Catholic Church of Sts. Philip and James (hereinafter Church) in the defendant Town of Smithtown. As a result, the plaintiff allegedly sustained personal injuries. She commenced this action against the Town and the Church. The Town moved, inter alia, for summary judgment dismissing the complaint insofar as as-

serted against it, contending that it did not have prior written notice of the alleged defect and that it did not create the alleged defect. The Church moved, for, among other things, summary judgment dismissing the complaint insofar as asserted against it, contending that it did not have a duty to maintain the subject sidewalk and that it did not create the alleged hazardous condition. The Supreme Court denied both motions.

"Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (*Maya v Town of Hempstead*, 127 AD3d 1146, 1148 [2015]; *see Poirier v City of Schenectady*, 85 NY2d 310 [1995]; *Lahens v Town of Hempstead*, 132 AD3d 954 [2015]; *Forbes v City of New York*, 85 AD3d 1106, 1107 [2011]). "The only two recognized exceptions to the prior written notice requirement are where the municipality created the defect through an affirmative act of negligence, or where the defect resulted from a special use of the property by the municipality which conferred a special benefit on it" (*Levy v City of New York*, 94 AD3d 1060, 1060 [2012]; *see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *Wolin v Town of N. Hempstead*, 129 AD3d 833, 834 [2015]). Moreover, "the affirmative negligence exception 'is limited to work by the [municipality] that immediately results in the existence of a dangerous condition' " (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008], quoting *Oboler v City of New York*, 8 NY3d 888, 889 [2007]).

Insofar as is relevant here, the Town established its prima facie entitlement to judgment as a matter of law by demonstrating that it did not have prior written notice of the defect (*see Lahens v Town of Hempstead*, 132 AD3d 954 [2015]; *Pagano v Town of Smithtown*, 74 AD3d 1304, 1305 [2010]; *LiFrieri v Town of Smithtown*, 72 AD3d 750, 752 [2010]), and that it did not create the alleged defect through an affirmative act of negligence (*see Yarborough v City of New York*, 10 NY3d at 728). In opposition, the plaintiff failed to raise a triable issue of fact.

With respect to the Church, generally, liability for injuries sustained as a result of dangerous and defective conditions on public sidewalks is placed on the municipality, and not the abutting landowner (*see Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]). An abutting landowner will be liable to a pedestrian injured by a defect in a sidewalk only where the

landowner breached a specific ordinance or statute which obligates the owner to maintain the sidewalk (*see Peretz v Village of Great Neck Plaza*, 130 AD3d 867, 868 [2015]; *Morelli v Starbucks Corp.*, 107 AD3d 963, 964 [2013]). Insofar as is relevant here, the Church established, prima facie, that no statute or ordinance imposed upon it a duty to maintain the subject sidewalk (*see* Code of Town of Smithtown § 221-4 [A] [6]). The Church also established, prima facie, that it did not create the alleged hazardous condition (*see Lahens v Town of Hempstead*, 132 AD3d 954 [2015]; *Peretz v Village of Great Neck Plaza*, 130 AD3d at 869). In opposition, the plaintiff failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted those branches of the respective motions of the Town and the Church which were for summary judgment dismissing the complaint insofar as asserted against each of them. Chambers, J.P., Hall, Austin and Barros, JJ., concur.