Finocchiaro v Town of Islip (2018 NY Slip Op 05915)





Finocchiaro v Town of Islip


2018 NY Slip Op 05915


Decided on August 29, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
HECTOR D. LASALLE, JJ.


2016-07343
 (Index No. 14546/11)

[*1]Maryann Finocchiaro, appellant, 
v
Town of Islip, et al., defendants, Milk & Sugar Cafe, Inc., respondent (and a third-party action).


Borchert & LaSpina, P.C., Whitestone, NY (Gregory M. LaSpina, B. Carol Lenti, and Gary E. Rosenberg of counsel), for appellant.
McCarthy & Associates, Melville, NY (Marianne Arcieri and Patrick Morale of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated June 1, 2016. The order, insofar as appealed from, granted that branch of the motion of the defendant Milk & Sugar Cafe, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly sustained injuries when she tripped and fell after stepping into a hole in the brickwork portion of a public sidewalk in the Town of Islip located in front of a store leased by the defendant Milk & Sugar Cafe, Inc. (hereinafter the Cafe). The plaintiff commenced this action against, among others, the Cafe to recover damages for personal injuries. The Cafe moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. In the order appealed from, the Supreme Court granted that branch of the Cafe's motion. The plaintiff appeals.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous or defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453; see Lahens v Town of Hempstead, 132 AD3d 954, 956; Khaimova v City of New York, 95 AD3d 1280, 1281). " An abutting owner or lessee will be liable to a pedestrian injured by a dangerous condition on a public sidewalk only when the owner or lessee either created the condition or caused the condition to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner or the lessee and expressly makes the owner or lessee liable for injuries caused by a breach of that duty'" (Morelli v Starbucks Corp., 107 AD3d 963, 964, quoting Hevia v Smithtown Auto Body of Long Is., Ltd., 91 AD3d 822, 822-823; see Pareres v Cho, 149 AD3d 1095, 1096; Martin v Rizzatti, 142 AD3d 591, 592-593; Lahens v Town of Hempstead, 132 AD3d at 956).
Here, the Cafe demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it did not create the alleged defect in the brickwork, did not cause the alleged [*2]defect to occur because of a special use, and did not violate a statute or ordinance that would impose liability for failing to maintain the sidewalk. Moreover, the Cafe demonstrated, prima facie, that the placement of outdoor tables and chairs on the cement portion of the public sidewalk abutting the storefront was not a proximate cause of the plaintiff's alleged injuries (see Morelli v Starbucks Corp., 107 AD3d at 964; Bohm v Town of Brookhaven, 43 AD3d 454, 455). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant that branch of the Cafe's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court