FREDA RADER, Respondent, v JIM WALTON et al., Appellants. [802 NYS2d 818]—

Appeal from an order of the Supreme Court, Chautauqua County (Joseph R. Glownia, J.), entered January 14, 2004 in a personal injury action. The order denied defendants' motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is granted and the amended complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped on ice in front of a building owned by defendant Downtown Building Group, Inc. (Downtown Building Group). Defendant Jim Walton was the

president of Downtown Building Group. We agree with defendants that Supreme Court erred in denying their motion for summary judgment dismissing the amended complaint. "To hold an abutting landowner liable to a pedestrian injured by a defect in a public sidewalk, the landowner must have either created the defect, caused it to occur by a special use, or breached a specific ordinance or statute which obligates the [land]owner to maintain the sidewalk" (*Jeanty v Benin*, 1 AD3d 566, 567 [2003]; *see Bloch v Potter*, 204 AD2d 672 [1994]). Here, plaintiff contends that defendants created the allegedly defective condition because water running off the building froze on the sidewalk. An abutting landowner is liable, however, only if, "by artificial means, snow and ice are transferred from the abutting premises to the sidewalk; or if, by such artificial means, water from the property is permitted to flow onto the public sidewalk where it freezes" (*Roark v Hunting*, 24 NY2d 470, 475 [1969]). Here, defendants established that the water did not flow onto the sidewalk by artificial means, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The further contention of plaintiff that defendants are liable because they breached a provision of the Code of the City of Jamestown (Code) obligating them to maintain the sidewalk also is lacking in merit. Section 252-14 (B) of the Code, the provision on which plaintiff relies for the proposition that defendants were required to remove snow and ice from the abutting sidewalk, does not contain the requisite additional language "that if the landowner breaches such duty he will be liable to those who are injured for any defects in the sidewalk" (*Kiernan v Thompson*, 137 AD2d 957, 958 [1988]). Present—Hurlbutt, J.P., Scudder, Kehoe, Martoche and Hayes, JJ.