■ Marion Fischer, Appellant, v Westchester County, Respondent. [808 NYS2d 241]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered January 10, 2005, which granted the defendant's motion for summary judgment dismissing the complaint, and denied, as academic, her cross motion for leave to amend the complaint to allege compliance with General Municipal Law § 50-i.

Ordered that the order is affirmed, with costs.

The plaintiff was injured when she allegedly slipped and fell on the "extraordinarily slippery" stairs of the Westchester County Center. The plaintiff does not dispute that Westchester County's "prior written notice" law (Westchester County Code § 780.01), applies here. In pertinent part, that provision requires an injured plaintiff to prove that prior written notice of the allegedly defective condition was actually given to Westchester County, and that there was a failure to remedy the alleged defect within a reasonable time after the notice was furnished. Absent such notice, the injured plaintiff must show that the allegedly defective condition existed for so long a period that it should have been discovered and remedied in the exercise of reasonable diligence.

In this case, the defendant made a prima facie showing of entitlement to judgment as a matter of law on the ground that it had neither written nor constructive notice of the allegedly defective condition which caused the plaintiff's injuries (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

In response, the plaintiff's argument that the County had notice of the defective or dangerous condition based on two prior accident reports is unavailing, absent proof that the prior accidents occurred under substantially the same conditions as the plaintiff's accident (*see Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239, 241 [2004]; *see also Sideris v Town of Huntington*, 240 AD2d 652 [1997]). Further, the plaintiff's bare and speculative contention that the defendant created the dangerous condition because it remodeled the stairs, was insufficient to raise a triable issue of fact (*see Sadowsky v 2175 Wantagh Ave. Corp.*, 281 AD2d 407, 407-408 [2001]; *King v New York City Tr. Auth.*, 266 AD2d 354 [1999]; *Rosario v New York City Tr. Auth.*, 215 AD2d 364, 365 [1995]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment.

In light of the foregoing, the Supreme Court correctly denied, as academic, the plaintiff's cross motion for leave to amend her complaint to allege compliance with General Municipal Law § 50-i. Florio, J.P., H. Miller, Spolzino and Dillon, JJ., concur.