Nancy Loiaconi, Respondent, v Village of Tarrytown, Appellant, et al., Defendants. [829 NYS2d 191]—

In an action to recover damages for personal injuries, the defendant Village of Tarrytown appeals (1) from an order of the Supreme Court, Westchester County (Murphy, J.), entered December 12, 2005, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (2), as limited by its brief, from so much of an order of the same court entered April 18, 2006, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order entered December 12, 2005 is dismissed, as that order was superseded by the order entered April 18, 2006, made upon reargument, and it is further,

Ordered that the order entered April 18, 2006 is reversed insofar as appealed from, on the law, upon reargument, the entered dated December 12, 2005 is vacated and the motion for summary judgment dismissing the complaint insofar as asserted against the appellant is granted; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The plaintiff fell while descending the exterior staircase of a public library owned by the defendant Village of Tarrytown. The staircase leads from the library's front doors directly onto the adjacent public sidewalk. The Village moved to dismiss the lawsuit based upon the plaintiff's failure to comply with, inter alia, Village Law § 6-628 which requires that the Village receive prior written notice as a condition precedent to maintaining an action against the Village based upon, inter alia, a defective sidewalk condition. The Supreme Court denied the motion finding that while there was no prior written notice, the "special use exception is applicable to this case." Thereafter, the court granted the Village's motion for leave to reargue, and upon reargument, adhered to its original determination. We reverse.

Initially, we note that the subject staircase does come within the purview of Village Law § 6-628 (*see Woodson v City of New York,* 93 NY2d 936 [1999]; *Fischer v Westchester County,* 24 AD3d 498 [2005]; *Donnelly v Village of Perry,* 88 AD2d 764 [1982]). Although the doctrine of "special use" is an exception to the statutory rule requiring prior written notice (*see Amabile v City of Buffalo,* 93 NY2d 471, 474 [1999]), it is not applicable herein. "The special use exception is reserved for situations where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use" (*Poirier v City of Schenectady,* 85 NY2d 310, 315 [1995]). "The special use [exception] is a use different from the normal intended use of the public way" (*Minott v City of New York,* 230 AD2d 719, 720 [1996] [internal quotation marks omitted]). Here the staircase in question, which appears to protrude beyond the library's property line, was not a special benefit "unrelated to the public use" (*Poirier v City of Schenectady, supra* at 315*)*. Instead, the stairs were simply to allow the public access to a public library. Accordingly, the plaintiff cannot invoke the doctrine of special use to exempt her from the prior written notice requirement (*see Nixdorf v East Islip School Dist.,* 276 AD2d 759 [2000]; *Vise v County of Suf-*

*folk,* 207 AD2d 341 [1994]; *cf. Granville v City of New York,* 211 AD2d 195 [1995]). In any event, the plaintiff failed to demonstrate how the Village's alleged special use of the sidewalk caused the claimed defective condition and how this was a proximate cause of the accident (*see Blum v City of New York,* 267 AD2d 341 [1999]).

Since the Village demonstrated its entitlement to judgment as a matter of law, and the plaintiff failed to raise any issue of fact in opposition thereto, the court erred in denying the Village's motion for summary judgment dismissing the complaint insofar as asserted against it (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]).

The plaintiff's remaining contentions are without merit. Miller, J.P., Ritter, Santucci and Lunn, JJ., concur.