■ Kris Cangemi, Respondent, v Diane Burgan, Appellant, et al., Defendant. [916 NYS2d 135]—

In an action to recover damages for personal injuries, the defendant Diane Burgan appeals from an order of the Supreme Court, Nassau County (Parga, J.), entered December 17, 2009, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Diane Burgan for summary judgment dismissing the complaint insofar as asserted against her is granted.

The plaintiff allegedly slipped and fell as a result of an icy condition on a sidewalk abutting a property owned by the defendant Diane Burgan (hereinafter the defendant), out of which an auto body paint shop was operated. The plaintiff alleged that the source of the icy condition was either water runoff from the auto body paint shop or precipitation from a storm.

Generally, liability for injuries sustained as a result of a dangerous condition on a public sidewalk is placed on the municipality, and not on the owner of the abutting land (see Hausser v Giunta, 88 NY2d 449, 452-453 [1996]). "An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty" (Romano v Leger, 72 AD3d 1059, 1059 [2010]; see Sachs v County of Nassau, 60 AD3d 1032, 1033 [2009]; Rader v Walton, 21 AD3d 1409, 1410 [2005]). In addition, "[a]n owner of a property abutting a public sidewalk is under no duty to pedestrians to 'remove snow and ice that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so' " (Braun v Weissman, 68 AD3d 797, 797 [2009], quoting Bruzzo v County of Nassau, 50 AD3d 720, 721 [2008]). "In the absence of such a statute or ordinance, the owner can be held liable only if he or she, or someone on his or her behalf, 'undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous' " (Braun v Weisman, 68 AD3d at 797-798, quoting Robles v City of New York, 56 AD3d 647, 647 [2008]).

Here, the defendant satisfied her prima facie burden of establishing her entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The defendant demonstrated that she did not create the icy condition that resulted in the plaintiff's fall or cause the defect to occur because of a special use (*see Cusack v Peter Luger, Inc.*, 77 AD3d 785 [2010]; *Gatanas v Picnic Garden B.B.Q. Buffet House*, 305 AD2d 457 [2003]; *Rader v Walton*, 21 AD3d at 1410). She further demonstrated that she had no obligation to remove snow that was accumulating on the sidewalk, as the Code of the Village of Hempstead does not impose such a duty until "12 hours after the snow ceases to fall," and the evidence established that snow was continuing to fall at the time of the plaintiff's fall (*see* Village of Hempstead Code § 116-1 [D]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's contention that the defendant created the icy condition by failing to adequately drain water that was running from an area on the property used to wash cars onto the sidewalk was based on speculation (*see Cusack v Peter Luger, Inc.*, 77 AD3d at 785; *Gatanas v Picnic Garden B.B.Q. Buffet House*, 305 AD2d at 457; *Sanchez-Acevedo v Mariott Health Care Serv.*, 270 AD2d 244 [2000]). In this regard, the affidavit from the plaintiff's expert, submitted in opposition, which was based on observations of the subject property almost two years after the accident, was insufficient to raise a triable issue of fact (*see Murphy v New York City Tr. Auth.*, 73 AD3d 1143, 1144 [2010]; *Wasserman v Genovese Drug Stores*, 282 AD2d 447 [2001]). The plaintiff's contention that she fell on old ice or snow was also based on speculation (*see Powell v Cedar Manor Mut. Hous. Corp.*, 45 AD3d 749, 750 [2007]; *DeVito v Harrison House Assoc.*, 41 AD3d 420, 421 [2007]).

In light of our determination, the parties' remaining contentions have been rendered academic.

Accordingly, the defendant is entitled to summary judgment dismissing the complaint insofar as asserted against her. Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.