■ JOSEPH HUGUENS, Appellant, v VILLAGE OF SPRING VALLEY et al., Defendants, and A & R ROCKLAND REALTY, LLC, et al., Respondents. (And a Third-Party Action.) [927 NYS2d 160]—

Contrary to the plaintiff's contentions, the defendants A & R Rockland Realty, LLC, and Caribreeze Vegetarian Restaurant (hereinafter together the defendants), satisfied their burden of demonstrating their prima facie entitlement to judgment as a matter of law on their respective motions for summary judgment.

"The owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so" (*Bruzzo v County of Nassau*, 50 AD3d 720, 721 [2008]; *see Plotits v Houaphing D. Chaou, LLC*, 81 AD3d 620, 621 [2011]). While the plaintiff correctly observes that the Code of the Village of Spring Valley § 229-32 places the duty to clear snow and ice from a municipal sidewalk on the owner and occupant of the abutting property, and imposes tort liability for injuries arising from noncompliance with the ordinance, the Code of the Village of Spring Valley § 229-33 expressly provides that owners and occupants have eight daylight hours following the cessation of a snowfall within which to comply with the ordinance. Since the plaintiff's accident occurred well within the eight-hour period, the defendants could not be liable for any failure to clear the sidewalk at the time the plaintiff fell (*see Cangemi v Burgan*, 81 AD3d 583, 584 [2011]), and the plaintiff failed to raise any triable issue of fact as to whether the defendants attempted to clear the sidewalk prior to his fall and thereby made the conditions worse (*see Klotz v City of New York*, 9 AD3d 392, 393 [2004]; *Booth v City of New York*, 272 AD2d 357 [2000]). Accordingly, the Supreme Court properly granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them. Prudenti, P.J., Eng, Hall and Lott, JJ., concur.