GLORIA HEVIA, Respondent, v SMITHTOWN AUTO BODY OF LONG ISLAND, LTD., Appellant. (And a Third-Party Action.) [937 NYS2d 284]—

The plaintiff allegedly slipped and fell in the early morning hours as a result of an icy and snowy condition on a sidewalk abutting premises leased by the defendant. Snow had last fallen two or three days prior to the date of the incident.

"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions [on] public sidewalks is placed on the municipality" (*Hausser v Giunta*, 88 NY2d 449, 452-453 [1996]; *see Ferguson v Shu Ham Lam*, 74 AD3d 870 [2010]). An abutting owner or lessee will be liable to a pedestrian injured by a dangerous condition on a public sidewalk only when the owner or lessee either created the condition or caused the condition to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner or

the lessee and expressly makes the owner or the lessee liable for injuries caused by a breach of that duty (*see Hausser v Giunta*, 88 NY2d at 452-453; *Cangemi v Burgan*, 81 AD3d 583 [2011]; *Romano v Leger*, 72 AD3d 1059 [2010]; *Falchook v J & M Kingsley, Ltd.*, 67 AD3d 632 [2009]; *Sachs v County of Nassau*, 60 AD3d 1032 [2009]).

Here, Code of Town of Smithtown § 245-5 requires abutting occupants to remove snow and ice from sidewalks and imposes tort liability upon them for injuries caused by their breach of that duty. The defendant failed to establish, prima facie, that it complied with this provision (*see generally Zuckerman v City of New York*, 49 NY2d 557 [1980]). Additionally, it failed to establish, prima facie, that it did not have actual or constructive notice of the alleged hazardous condition which caused the plaintiff to fall (*see Plotits v Houaphing D. Chaou, LLC*, 81 AD3d 620 [2011]; *Baines v G&D Ventures, Inc.*, 64 AD3d 528 [2009]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.