■ LAUREN PARERES, Appellant, v LIZABETH CHO, Respondent, et al., Defendant. [52 NYS3d 496]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Walker, J.), dated March 23, 2016, as granted that branch of the motion of the defendant Lizabeth Cho which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly tripped and fell as a result of a defect in the sidewalk adjacent to property in Yonkers owned by the defendant Lizabeth Cho. The plaintiff commenced this action against Cho and the defendant City of Yonkers to recover damages for personal injuries. In her verified bill of particulars, the plaintiff alleged negligent construction, repair, and maintenance of the sidewalk.

Cho moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. In support of her motion, she submitted, among other things, her deposition testimony. At her deposition, she testified that she did not make any repairs that would have impacted the sidewalk. In opposition, the plaintiff submitted evidence that Cho's landscapers stood on the sidewalk with their ladders to trim Cho's hedges, and used wheeled machinery and leaf blowers on the

sidewalk. The plaintiff also submitted an affidavit of a general contractor who stated that the work performed by the landscapers "was the type of use" that would cause the defect in the sidewalk which allegedly caused the accident.

The Supreme Court granted Cho's motion, concluding that the plaintiff's claim that Cho's special use of the sidewalk caused the defect was pure speculation. The plaintiff appeals.

"An abutting owner or lessee will be liable to a pedestrian injured by a dangerous condition on a public sidewalk only when the owner or lessee either created the condition or caused the condition to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner or the lessee and expressly makes the owner or the lessee liable for injuries caused by a breach of that duty" (*Hevia v Smithtown Auto Body of Long Is., Ltd.*, 91 AD3d 822, 822-823 [2012]; *see Morelli v Starbucks Corp.*, 107 AD3d 963, 964 [2013]; *Petrillo v Town of Hempstead*, 85 AD3d 996, 997 [2011]). In support of her motion, Cho demonstrated, prima facie, that there was no ordinance or statute placing an obligation on her to maintain the sidewalk abutting her property at the time of the subject accident (*see Rodriguez v County of Westchester*, 138 AD3d 713 [2016]; *Rodriguez v City of Yonkers*, 106 AD3d 802 [2013]), and that she neither created the defect nor caused the defect to occur because of a special use of the sidewalk.

In opposition, the plaintiff failed to raise a triable issue of fact. We agree with the conclusion of the Supreme Court that the plaintiff's claim that Cho engaged in a special use of the sidewalk which caused the defect is based upon pure speculation (*see Crawford v City of New York*, 98 AD3d 935 [2012]; *Farrell v City of New York*, 67 AD3d 859 [2009]; *Yee v Chang Xin Food Mkt.*, 302 AD2d 518 [2003]).

Accordingly, the Supreme Court properly granted that branch of Cho's motion which was for summary judgment dismissing the complaint insofar as asserted against her. Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.