■ KARL DIBBLE, Appellant, v VILLAGE OF SLEEPY HOLLOW, Respondent, et al., Defendants. [66 NYS3d 26]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Ruderman, J.), dated June 16, 2016, which granted the motion of the defendant Village of Sleepy Hollow for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On the afternoon of June 24, 2013, a manhole cover exploded underneath the plaintiff's vehicle as he was driving on North Broadway (Route 9) in the Village of Sleepy Hollow. The explosion lifted the plaintiff's vehicle off the ground and onto the opposite side of the roadway. The Village owned the manhole, including its cover, and sewer system beneath it. However, the Village abandoned use of the manhole prior to the accident, and the manhole allegedly was sealed over during a repaving project undertaken by the State. Following the accident, the plaintiff commenced this action to recover damages for personal injuries against several parties including the Village. The plaintiff alleges, inter alia, that the Village had negligently abandoned use of the manhole and allowed it to be sealed, thereby preventing the manhole from venting and permitting the build up of flammable gasses. After discovery, the Village moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not have prior written notice of the condition alleged, as required by section

276-1 of the Code of the Village of Sleepy Hollow. The Supreme Court granted the motion.

Where, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a defect which comes within the ambit of the law unless it has received written notice of the alleged defect or dangerous condition, or an exception to the written notice requirement applies (*see Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]; *DeSalvio v Suffolk County Water Auth.*, 127 AD3d 804, 805 [2015]; *Braver v Village of Cedarhurst*, 94 AD3d 933, 934 [2012]). "Recognized exceptions to the prior written notice requirement exist where the municipality created the defect or hazard through an affirmative act of negligence, or where a special use confers a special benefit upon it" (*Miller v Village of E. Hampton*, 98 AD3d 1007, 1008 [2012]; *see Amabile v City of Buffalo*, 93 NY2d at 474).

Here, the Village established its prima facie entitlement to judgment as a matter of law by submitting evidence, including an affidavit from the Village Clerk, demonstrating that it did not receive prior written notice of the condition alleged. The Village further established, prima facie, that it did not create the alleged condition through an affirmative act of negligence, which was the only exception alleged in the plaintiff's pleadings (*see Wald v City of New York*, 115 AD3d 939, 940-941 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Village had prior written notice or whether an exception to that requirement applied (*see Minew v City of New York*, 106 AD3d 1060, 1061 [2013]). Accordingly, the Supreme Court properly granted the Village's motion for summary judgment dismissing the complaint insofar as asserted against it. Dillon, J.P., Cohen, Connolly and Christopher, JJ., concur.