Mule v Invite Health at New Hyde Park, Inc. (2020 NY Slip Op 00869)





Mule v Invite Health at New Hyde Park, Inc.


2020 NY Slip Op 00869


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-08876
 (Index No. 606098/15)

[*1]Jayne Mule, et al., appellants, 
v
Invite Health at New Hyde Park, Inc., respondent, et al., defendant.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Christen Giannaros], of counsel), for appellants.
McCarthy & Associates, Melville, NY (John A. Canton of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered May 17, 2018. The order granted that branch of the motion of the defendant Invite Health at New Hyde Park, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Invite Health at New Hyde Park, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
On July 30, 2014, the injured plaintiff allegedly tripped and fell on an uneven sidewalk abutting premises leased to the defendant Invite Health at New Hyde Park, Inc. (hereinafter Invite Health), in Nassau County. The injured plaintiff, and her husband suing derivatively, commenced this action against Invite Health, among others. Invite Health moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of Invite Health's motion on the ground that it had no duty pursuant to the lease agreement to maintain the abutting sidewalk. The plaintiffs appeal.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions [on] public sidewalks is placed on the municipality" (Hausser v Giunta, 88 NY2d 449, 452-453). "An abutting owner or lessee will be liable to a pedestrian injured by a dangerous condition on a public sidewalk only when the owner or lessee either created the condition or caused the condition to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner or the lessee and expressly makes the owner or the lessee liable for injuries caused by a breach of that duty" (Hevia v Smithtown Auto Body of Long Is., Ltd., 91 AD3d 822, 822-823; see Pareres v Cho, 149 AD3d 1095, 1096; Morelli v Starbucks Corp., 107 AD3d 963, 964). "[W]here a lease contract is so comprehensive regarding sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk, the tenant may be liable to a third party" (Yanovskiy v Tim's Diagnostic's Auto Ctr., 170 AD3d 1089, 1090; see Hsu v City of New York, 145 AD3d 759, 760; Paperman v 2281 86th St. Corp., 142 AD3d 540, 541)
Here, Code of the Village of New Hyde Park § 165-40.1 requires "owners, tenants or other persons occupying or entitled to the possession and control of any lands, whether vacant or improved" to, among other things, maintain the abutting public sidewalk "in a good state of repair and free and clear of any physical defects or other unsafe, hazardous or dangerous obstructions, encumbrances or conditions" and imposes joint and several liability upon them for injuries caused by their breach of that duty (see Code of the Village of New Hyde Park §§ 1-18, 165-40.1). Given the Code's imposition of an obligation on a tenant or occupant to maintain an abutting public sidewalk, Invite Health, as a tenant and occupant of the abutting property, had a statutory duty to maintain the public sidewalk where the accident occurred (see Code of the Village of New Hyde Park §§ 1-18, 165-40.1; see generally Hevia v Smithtown Auto Body of Long Is., Ltd., 91 AD3d at 823). As such, the mere fact that Invite Health had no duty under the lease agreement to maintain the abutting sidewalk was not dispositive of the issue of whether it owed the injured plaintiff a duty of care.
We do not address Invite Health's remaining contention, as it is based on matter dehors the record (see Feteha v Scheinman, 169 AD3d 871, 873).
Accordingly, the Supreme Court should have denied that branch of Invite Health's motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiffs' opposition papers.
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court