DeBorba v City of Rye (2020 NY Slip Op 04147)





DeBorba v City of Rye


2020 NY Slip Op 04147


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-01953
 (Index No. 56423/16)

[*1]Luis DeBorba, et al., appellants, 
v
City of Rye, defendant, Carol C. Sellon, et al., respondents.


Raneri, Light & O'Dell, PLLC, White Plains, NY (Kevin D. O'Dell of counsel), for appellants.
Thomas K. Moore (Andrea G. Sawyers, Melville, NY [David R. Holland], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated January 28, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendants Carol C. Sellon, Christopher J. Sellon, Karen S. Mulhern, Mark C. Sellon, and Sellon 2012 School Street Family Trust which was for summary judgment dismissing the complaint insofar as asserted against them, and, upon searching the record, awarded the defendant Sellon Management Corporation summary judgment dismissing the amended complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff Luis DeBorba (hereinafter the injured plaintiff) allegedly sustained injuries when he tripped and fell on a sidewalk abutting premises owned by the defendant Sellon 2012 School Street Family Trust, of which the defendants Carol C. Sellon, Christopher J. Sellon, Karen S. Mulhern, and Mark C. Sellon are the trustees (hereinafter collectively the Sellon defendants). The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against the Sellon defendants and the City of Rye. Insofar as relevant to this appeal, the Sellon defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The plaintiffs opposed the motion and, thereafter, filed an amended complaint naming Sellon Management Corporation (hereinafter SMC), the tenant of the subject premises, as an additional defendant. In an order dated January 28, 2019, the Supreme Court, inter alia, granted that branch of the Sellon defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and, upon searching the record, awarded SMC summary judgment dismissing the amended complaint insofar as asserted against it. The plaintiffs appeal.
"Generally, liability for injuries sustained as a result of negligent maintenance of or the existence of dangerous and defective conditions to public sidewalks is placed on the municipality and not the abutting landowner" (Hausser v Giunta, 88 NY2d 449, 452-453). An abutting landowner or tenant will only be liable if it either " created the defect, caused it to occur by a special use, or breached a specific ordinance or statute which obligates the owner to maintain the sidewalk'" [*2](Cannizzaro v Simco Mgt. Co., 26 AD3d 401, 402, quoting Jeanty v Benin, 1 AD3d 566, 567; see Padarat v New York City Tr. Auth., 175 AD3d 700, 703).
Here, the Sellon defendants demonstrated, prima facie, that they did not violate a statute or ordinance that would impose liability for failing to repair the subject sidewalk (see Finocchiaro v Town of Islip, 164 AD3d 871, 872-873; Morelli v Starbucks Corp., 107 AD3d 963, 964). Section 167-50(A) of the Code of the City of Rye provides that "[i]t shall be the duty of the Department of Public Works to require the owner of property abutting upon a street to repair or replace any sidewalk in front thereof that is required to be repaired or replaced," and "[w]here the owner of such property shall fail to neglect to repair or replace such sidewalk for five days after notice to do so has been served upon the owner . . . the Department of Public Works shall repair or replace such sidewalk, and a statement of 100% of the cost incurred thereby shall be served upon the owner." Section 167-50(B) imposes tort liability upon landowners for injuries resulting "from the failure of any owner or other responsible person to comply with the provisions of this section." The Sellon defendants' submissions in support of their motion, which included the deposition testimony of Mark C. Sellon, who was also a principal of SMC, and an affidavit of the secretary/treasurer of SMC, established, prima facie, that neither the Sellon defendants nor SMC received notice from the Department of Public Works requiring them to perform sidewalk repairs. Accordingly, the Sellon defendants demonstrated, prima facie, that they had no statutory duty to repair the sidewalk (see Castro v Rodriguez, 176 AD3d 1031; Gilbert v City of Rye, 175 AD3d 470, 472). The Sellon defendants' submissions also demonstrated, prima facie, that neither the Sellon defendants nor SMC created the defective condition that allegedly caused the injured plaintiff's fall (see Stubenhaus v City of New York, 170 AD3d 1064, 1066; Gerendash v City of New York, 163 AD3d 633, 635).
In opposition, the plaintiffs failed to raise a triable issue of fact. As to the creation of the alleged defect, the plaintiffs' expert concluded, among other things, that an employee of the Sellon defendants and/or SMC created the dangerous condition "over a period of time" by his use of a "hand shovel" to shovel snow from the sidewalk. Contrary to the plaintiffs' contention, the expert's affidavit was speculative and conclusory, and was insufficient to raise a triable issue of fact as to whether the Sellon defendants created the allegedly dangerous condition on the sidewalk (see Gilbert v City of Rye, 175 AD3d at 472-473; Bosquet v Water View Realty Corp., 161 AD3d 718, 719-720; Dalder v Incorporated Vil. of Rockville Ctr., 116 AD3d 908, 910). "At best, the expert's affidavit showed that [the alleged dangerous condition] formed over a course of years as a result of wear and tear and environmental factors, which cannot be deemed an affirmative act of negligence" (Smith v Town of Brookhaven, 45 AD3d 567, 568; see Beiner v Village of Scarsdale, 149 AD3d 679, 681; Ferreira v County of Orange, 34 AD3d 724, 725; Hyland v City of New York, 32 AD3d 822, 824).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the Sellon defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against them. Moreover, under the circumstances of this case, we also agree with the court's determination to search the record and award SMC summary judgment dismissing the amended complaint insofar as asserted against it (see CPLR 3212[b]; Dunham v Hilco Constr. Co., 89 NY2d 425, 430; Greene v Rachlin, 154 AD3d 814, 817; Pope v Safety & Quality Plus, Inc., 74 AD3d 1040, 1041-1042).
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court