Frazier v Hunte (2020 NY Slip Op 07037)





Frazier v Hunte


2020 NY Slip Op 07037


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2018-10289
 (Index No. 707476/17)

[*1]Eric Frazier, respondent,
v
Angela Hunte, appellant.


Richard T. Lau, Jericho, NY (Nancy S. Goodman of counsel), for appellant.
Mark E. Seitelman Law Offices, P.C., New York, NY (Mirsade Bajraktarevic of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered June 29, 2018. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
The plaintiff commenced this action against the defendant to recover damages for personal injuries he alleged that he sustained when he slipped and fell on a sidewalk abutting the defendant's premises. Thereafter, the defendant moved for summary judgment dismissing the complaint on the grounds that (1) she was not under a statutory duty to maintain or care for the sidewalk, (2) she did not create the alleged dangerous condition, and (3) she did not cause it to occur by a special use. In an order entered June 29, 2018, the Supreme Court denied the motion. The defendant appeals.
"Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use" (Meyer v City of New York, 114 AD3d 734, 735; see Missirlakis v McCarthy, 145 AD3d 772, 773). Here, the plaintiff does not dispute that the defendant's property was covered by the exemption for owner-occupied residential property set forth in section 7-210(b) of the Administrative Code of the City of New York Thus, the defendant had no statutory duty to maintain the sidewalk at issue (see e.g. Rodriguez v City of New York, 180 AD3d 1096, 1097).
We disagree with the Supreme Court's determination denying the defendant's motion for summary judgment dismissing the complaint. The defendant established, prima facie, that she did not create the alleged dangerous condition and did not cause it to occur through any special use of the sidewalk (see Castro v Rodriguez, 176 AD3d 1031, 1032-1033; Stubenhaus v City of New York, 170 AD3d 1064, 1066). In opposition, the plaintiff failed to raise a triable issue of fact (see [*2]DeBorba v City of Rye, 185 AD3d 898, 900-901). The plaintiff's contention that the alleged dangerous condition was caused by water that drained from the defendant's gutters onto the sidewalk was speculative and insufficient to raise a triable issue of fact (see e.g. Cangemi v Burgan, 81 AD3d 583, 584).
Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court