O'Brien v Village of Babylon (2021 NY Slip Op 04232)





O'Brien v Village of Babylon


2021 NY Slip Op 04232


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2019-11155
 (Index No. 4211/13)

[*1]Donald O'Brien, et al., appellants,
v
Village of Babylon, et al., respondents (and a third-party action).


Sullivan Papain Block McGrath Coffinas & Cannavo, P.C., Garden City, NY (Stephen C. Glasser and Christopher J. DelliCarpini of counsel), for appellants.
Kelly Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca of counsel), for respondent Village of Babylon.
Fleischer Potash LLP, Mineola, NY (Nancy Davis Lewis of counsel), for respondents Lessing's, Inc., and Southland Restaurant Corporation.
John J. Bello, Jr., New York, NY (Robert F. Horvat of counsel), for respondent Babylon Beautification Society, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated August 5, 2019. The order, insofar as appealed from, granted those branches of the separate motions of the defendant Babylon Beautification Society, Inc., the defendants Lessing's, Inc., and Southland Restaurant Corporation, and the defendant Village of Babylon, which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
On June 25, 2012, the plaintiff Donald O'Brien (hereinafter the injured plaintiff) allegedly sustained injuries when he fell upon stepping into a gap in the brickwork around a tree well located in a public sidewalk abutting premises owned by the defendants Lessing's, Inc., and Southland Restaurant Corporation (hereinafter together the Lessing's defendants) in the Village of Babylon. The tree well had been created by the Village in the late 1990s or early 2000 when the defendant Babylon Beautification Society, Inc. (hereinafter BBS), had requested the tree be planted at the site and had arranged for the installation of a memorial plaque in the tree well. The injured plaintiff, and his wife suing derivatively, commenced this action, among other things, to recover damages for personal injuries. The Lessing's defendants moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. Separately, the Village and BBS each moved, among other things, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court, inter alia, granted those branches of the separate motions. The plaintiffs appeal.
The Supreme Court properly granted that branch of BBS's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property (see Matter of K.G. v City of New York, 186 AD3d 1366, 1367; Athenas v Simon Prop. Group, LP, 185 AD3d 884, 885; Arshinov v GR 10-40, LLC, 176 AD3d 1019, 1019). BBS established, prima facie, that it did not own, occupy, control, or make special use of the subject property. In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court also properly granted that branch of the motion of the Lessing's defendants which was for summary judgment dismissing the complaint insofar as asserted against them. An abutting landowner will be liable to a pedestrian injured by a defect in a public sidewalk only when the owner either created the condition or caused the defect to occur because of a special use, or when a statute or ordinance places an obligation to maintain the sidewalk on the owner and expressly makes the owner liable for injuries caused by a breach of that duty (see Hanus v Long Is. Rail Rd., 186 AD3d 679, 680-681; Mule v Invite Health at New Hyde Park, Inc., 180 AD3d 693, 694; Finocchiaro v Town of Islip, 164 AD3d 871, 872). Special use occurs where a landowner whose property abuts a public street or sidewalk derives a special benefit unrelated to the public use, and is therefore required to maintain a portion of that property (see Poirier v City of Schenectady, 85 NY2d 310, 315; Lauer v Great S. Bay Seafood Co., 299 AD2d 325, 327; Pratt v Villa Roma Country Club, 277 AD2d 298, 299). Special use is a use different from the normal intended use of the public way (see Loiaconi v Village of Tarrytown, 36 AD3d 864, 865; Schreiber v Goldlein Realty Corp., 251 AD2d 315, 316). Here, there is no allegation that there is a statute which expressly makes the Lessing's defendants liable for injuries on the abutting sidewalk. Moreover, the Lessing's defendants established, prima facie, that they did not create the dangerous condition and did not make special use of the tree well. In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The prior written notice required by Village Law § 6-628 is a condition precedent to maintaining an action against the Village for a defective sidewalk condition, which a plaintiff is required to plead and prove (see Loiaconi v Village of Tarrytown, 36 AD3d at 865; Mollahan v Village of Port Washington N., 153 AD2d 881, 883). Contrary to the plaintiffs' contention, the tree well is part of the sidewalk for purposes of prior written notice (see Taustine v Incorporated Vil. of Lindenhurst, 158 AD3d 785; Oliveri v Village of Greenport, 93 AD3d 773, 773-774; Holmes v Town of Oyster Bay, 82 AD3d 1047, 1048). The Village established, prima facie, that it did not have prior written notice of a defective condition in the tree well area through the affidavit of the Village Clerk, who averred that her search of the Village's records revealed no prior written notice of any dangerous or defective condition at the subject location (see Dibble v Village of Sleepy Hollow, 156 AD3d 602, 603; Morreale v Town of Smithtown, 153 AD3d 917, 918; Velho v Village of Sleepy Hollow, 119 AD3d 551, 552). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the Village had prior written notice.
The only recognized exceptions to the prior written notice requirement involve situations in which either the municipality created the defect through an affirmative act of negligence, or a special use confers a special benefit upon the municipality. The affirmative negligence exception is limited to work by the municipality that immediately results in the existence of a dangerous condition (see Lewak v Town of Hempstead, 147 AD3d 919, 920; Hanley v City of New York, 139 AD3d 800, 801-802; Kelley v Incorporated Vil. of Hempstead, 138 AD3d 931, 933). The Village established, prima facie, that it did not commit an affirmative act of negligence that immediately resulted in the existence of a dangerous condition. The affidavit of the plaintiffs' expert was insufficient to raise a triable issue of fact, as it was conclusory and speculative (see DeBorba v City of Rye, 185 AD3d 898, 900; Gilbert v City of Rye, 175 AD3d 470, 472).
The Village also established, prima facie, that it did not make special use of the tree well, as it did not derive a special benefit from the tree well unrelated to the public use (see Budoff v City of New York, 164 AD3d 737, 739; Chambers v City of New York, 147 AD3d 471, 472). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether the special use exception [*2]to the prior written notice requirement applied.
Accordingly, the Supreme Court properly granted those branches of the separate motions of BBS, the Lessing's defendants, and the Village which were for summary judgment dismissing the complaint insofar as asserted against each of them.
RIVERA, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court