Giammarino v City of New York (2023 NY Slip Op 05590)

Giammarino v City of New York

2023 NY Slip Op 05590

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2021-04525
 (Index No. 508402/16)

[*1]Dawn Giammarino, plaintiff, 
v
City of New York, defendant, National Grid NY, appellant, Margaret Sciandra, et al., respondents.

Hammill, O'Brien, Croutier, Dempsey, Pender & Koehler, P.C., Syosset, NY (Rebecca J. Moulton of counsel), for appellant.
Law Office of Michael Scarpati, PLLC, Brooklyn, NY (Michael Vincent Scarpati of counsel), for respondents Margaret Sciandra and Henry Scarpati.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Christi M. Kunzig of counsel), for respondent Mildred Scarpati.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant National Grid NY appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated May 24, 2021. The order, insofar as appealed from, granted the separate motions of the defendant Mildred Scarpati and the defendants Henry Scarpati and Margaret Sciandra for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them, and denied the cross-motion of the defendant National Grid NY pursuant to CPLR 2214(c) for leave to submit additional papers in support of its opposition to those defendants' separate motions.
ORDERED that the appeal from so much of the order as granted those branches of the separate motions of the defendant Mildred Scarpati and the defendants Henry Scarpati and Margaret Sciandra which were for summary judgment dismissing the complaint insofar as asserted against each of them and the cross-claims insofar as asserted against each of them by the defendant City of New York is dismissed, as the defendant National Grid NY is not aggrieved by those portions of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
In March 2015, the plaintiff allegedly was injured when she tripped and fell on the sidewalk in front of certain premises located on 84th Street in Brooklyn, which at the time was owned by the defendants Mildred Scarpati (hereinafter Mildred), Henry Scarpati (hereinafter Henry), and Margaret Sciandra. The plaintiff alleged that at the time of the accident, she stepped into a sunken area around a metal utility gas valve cover embedded in the middle of a sidewalk flag abutting the subject premises.
The plaintiff commenced this action against the defendants, City of New York, National Grid NY (hereinafter National Grid), Mildred, Henry, and Sciandra, to recover damages for personal injuries. As to Mildred, Henry, and Sciandra, the plaintiff alleged that they were negligent in, among other things, causing or creating the condition alleged. Mildred moved, and Henry and Sciandra separately moved, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them. After opposing the separate motions, National Grid cross-moved pursuant to CPLR 2214(c) for leave to submit additional papers in support of its opposition to those motions. By order dated May 24, 2021, the Supreme Court, among other things, granted the separate motions of Mildred and Henry and Margaret, and denied National Grid's cross-motion. National Grid appeals.
"Absent the liability imposed by statute or ordinance, an abutting landowner is not liable to a passerby on a public sidewalk for injuries resulting from defects in the sidewalk unless the landowner either created the defect or caused it to occur by special use" (Meyer v City of New York, 114 AD3d 734, 735; see Frazier v Hunte, 188 AD3d 1162, 1163). Here, there is no dispute that the subject premises was covered by the exemption for owner-occupied residential property set forth in section 7-210(b) of the Administrative Code of the City of New York. Thus, Mildred, Henry, and Sciandra had no statutory duty to maintain the sidewalk at issue abutting their premises (see Frazier v Hunte, 188 AD3d at 1163; Rodriguez v City of New York, 180 AD3d 1096, 1097).
Mildred, and Henry and Sciandra, also established in support of their separate motions, prima facie, that they could not be held liable for the plaintiff's injuries under common-law principles. The submissions in support of their motions established, prima facie, that they did not create the defective condition that allegedly caused the plaintiff's fall or make a special use of that area of the sidewalk (see Martin v Newton, 206 AD3d 644, 645; Castro v Rodriguez, 176 AD3d 1031, 1032-1033; Stubenhaus v City of New York, 170 AD3d 1064). Thus, Mildred, and Henry and Sciandra, respectively established their prima facie entitlement to judgment as a matter of law dismissing the cross-claims insofar as asserted against each of them by National Grid.
In opposition, National Grid failed to raise a triable issue of fact. Contrary to National Grid's contention, the subject motions were not premature (see Martin v Newton, 206 AD3d at 645; Castro v Rodriguez, 176 AD3d at 1033; Skura v Wojtlowski, 165 AD3d 1196, 1200). "The mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (Martin v Newton, 206 AD3d at 645 [internal quotation marks omitted]; see Castro v Rodriguez, 176 AD3d at 1033; Tone v Studin, 148 AD3d 1205, 1206).
The Supreme Court providently exercised its discretion in denying National Grid's cross-motion pursuant to CPLR 2214(c) for leave to submit additional papers in support of its opposition to the separate motions of Mildred and Henry and Sciandra.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court