Wendy-Geslin v Oil Doctors (2024 NY Slip Op 01835)

Wendy-Geslin v Oil Doctors

2024 NY Slip Op 01835

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
CARL J. LANDICINO, JJ.

2020-05757
 (Index No. 509434/17)

[*1]Margaret Wendy-Geslin, et al., respondents-appellants,
v
Oil Doctors, et al., respondents, New Ko-Sushi Japanese Restaurant, Inc., doing business as KoSushi Japanese Restaurant, appellant-respondent, et al., defendants.

Raven & Kolbe, LLP, New York, NY (John J. Phelan and Danielle M. Rudkin of counsel), for appellant-respondent.
Gair, Gair, Conason, Rubinowitz, Bloom, Hershenhorn, Steigman & Mackauf, New York, NY (Richard M. Steigman and Michelle Levine of counsel), for respondents-appellants.
Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Kevin G. Faley of counsel), for respondent 233 East 70th Street Owners Corp.
Devitt Spellman Barrett, LLP, Smithtown, NY (Christi Kunzig of counsel), for respondent Oil Doctors.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant New Ko-Sushi Japanese Restaurant, Inc., doing business as KoSushi Japanese Restaurant, appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated July 17, 2020. The order, insofar as appealed from, denied those branches of the motion of the defendant New Ko-Sushi Japanese Restaurant, Inc., doing business as KoSushi Japanese Restaurant, which were for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it or, in the alternative, for conditional summary judgment on its cross-claim for common-law indemnification insofar as asserted against the defendant Oil Doctors. The order, insofar as cross-appealed from, granted that branch of the motion of the defendant 233 East 70th Street Owners Corp. which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the motion of the defendant 233 East 70th Street Owners Corp. which was for summary judgment dismissing the complaint insofar as asserted against it is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs payable by the defendants 233 East 70th Street Owners Corp. and New Ko-Sushi Japanese Restaurant, Inc., doing [*2]business as KoSushi Japanese Restaurant, and one bill of costs is awarded to the defendant Oil Doctors payable by the defendant New Ko-Sushi Japanese Restaurant, Inc., doing business as KoSushi Japanese Restaurant.
On January 18, 2017, at approximately 9:15 p.m., the plaintiff Margaret Wendy-Geslin (hereinafter the injured plaintiff) allegedly was injured when she tripped and fell over a hose on the sidewalk abutting certain property located in Manhattan (hereinafter the property), which was owned by the defendant 233 East 70th Street Owners Corp. (hereinafter Owners Corp.). According to the injured plaintiff's deposition testimony, it was dark outside, the hose was black in color, and there were no signs or barriers near the hose alerting her to its presence. The hose ran from a truck operated by the defendant Oil Doctors, which was parked on East 70th Street, across the sidewalk near the residential entrance of the property, and through a service entrance into the property. Oil Doctors was hired by the defendant New Ko-Sushi Japanese Restaurant, Inc., doing business as KoSushi Japanese Restaurant (hereinafter KoSushi), to collect oil and clean out its grease trap, which was located in the basement of the property.
The plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries. Owners Corp. and KoSushi separately moved, among other things, for summary judgment dismissing the complaint and all cross-claims insofar as asserted against each of them or, in the alternative, for conditional summary judgment on their cross-claims for common-law indemnification insofar as asserted against Oil Doctors. In an order dated July 17, 2020, the Supreme Court, inter alia, denied those branches of KoSushi's motion and granted that branch of Owners Corp.'s motion which was for summary judgment dismissing the complaint insofar as asserted against it. KoSushi appeals, and the plaintiffs cross-appeal.
The Supreme Court properly denied those branches of KoSushi's motion which were for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it. A tenant of property abutting a public sidewalk owes no duty to maintain the sidewalk in a safe condition, and liability may not be imposed upon it for injuries sustained as a result of a dangerous condition in the sidewalk, except, inter alia, where the abutting lessee caused the condition to occur because of some special use (see Leitch-Henry v Doe Fund, Inc., 179 AD3d 655, 655). "The special use exception is reserved for situations where a landowner whose property abuts a public street or sidewalk derives a special benefit from that property unrelated to the public use" (Loiaconi v Village of Tarrytown, 36 AD3d 864, 865 [internal quotation marks omitted]; see O'Brien v Village of Babylon, 196 AD3d 494, 495). "Special use is a use different from the normal intended use of the public way" (O'Brien v Village of Babylon, 196 AD3d at 495). Here, KoSushi failed to establish, prima facie, that it did not make special use of the sidewalk by hiring Oil Doctors to clean its grease trap using a hose that ran across the sidewalk (see Doyley v Steiner, 107 AD3d 517).
As a general rule, "a party who retains an independent contractor, as distinguished from a mere employee or servant, is not liable for the independent contractor's negligent acts" (Kleeman v Rheingold, 81 NY2d 270, 273). However, this general rule is subject to various exceptions, including where the work performed by the independent contractor was inherently dangerous (see Brothers v New York State Elec. & Gas Corp., 11 NY3d 251, 258; see Kleeman v Rheingold, 81 NY2d at 274). Here, contrary to KoSushi's contention, it failed to make a prima facie showing that the work performed by its independent contractor, which involved a potential tripping hazard being placed across the sidewalk in the dark, was not inherently dangerous (see Wright v Tudor City Twelfth Unit, 276 NY 303; Emmons v City of New York, 283 AD2d 244, 245).
Accordingly, the Supreme Court properly denied those branches of KoSushi's motion which were for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Furthermore, since triable issues of fact exist, the court properly denied that branch of KoSushi's motion which was for conditional summary judgment on its cross-claim for common-law indemnification insofar as asserted against Oil Doctors.
With respect to Owners Corp.'s motion, Administrative Code of the City of New [*3]York § 7-210(a) imposes a duty upon "the owner of real property abutting any sidewalk . . . to maintain such sidewalk in a reasonably safe condition." "'However, Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable'" (Curry v Eastern Extension, LLC, 202 AD3d 907, 908, quoting Muhammad v St. Rose of Limas R.C. Church, 163 AD3d 693, 693). Thus, to prevail on its summary judgment motion, a defendant is required to establish that it neither created the alleged dangerous condition nor had actual or constructive notice of its existence for a sufficient length of time to have discovered and remedied it (see Vasquez v Giandon Realty, LLC, 189 AD3d 1120, 1120; Kabir v Budhu, 143 AD3d 772, 773). A defendant has constructive notice of a dangerous or defective condition when it is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837-838; Mowla v Baozhu Wu, 195 AD3d 706, 707; Vargas v Lamberti, 186 AD3d 1572, 1573). To meet its initial burden on the issue of lack of constructive notice of an alleged dangerous condition, a defendant must offer evidence as to when the subject area was last inspected relative to the time when the incident occurred (see Fortune v Western Beef, Inc., 178 AD3d 671, 672; Radosta v Schechter, 171 AD3d 1112, 1113).
Here, Owners Corp. failed to demonstrate, prima facie, that it lacked constructive notice of the alleged dangerous condition that caused the injured plaintiff to fall. In support of its motion, Owners Corp. submitted a transcript of the deposition testimony of its superintendent, in which he testified that he was aware that an oil removal contractor would come to clean the grease trap in the basement, which he knew from prior experience entailed the use of a hose drawn across the sidewalk, but Owners Corp. did not proffer any evidence demonstrating that it inspected the work performed by Oil Doctors prior to the accident or that it had insufficient time to do so.
Accordingly, the Supreme Court should have denied that branch of Owners Corp.'s motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The parties' remaining contentions are not properly before this Court.
BRATHWAITE NELSON, J.P., MALTESE, FORD and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court